(65 App. Div. 76.)

## PEOPLE v. LICHTMAN.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. SODA WATER—COMPRESSED GAS—MANUFACTURE IN TENEMENT HOUSE.

The manufacture of soda water in a tenement house by means of compressed gas is within Pen. Code, § 389, as amended by Laws 1900, c. 494, prohibiting the manufacture of compressed gas in a tenement or dwelling house, or any other article of which such gas forms a component part.

2. SAME—POLICE POWERS.

Pen. Code, § 389, as amended by Laws 1900, c. 494, prohibiting the manufacture of compressed gas in a tenement or dwelling house, or any other article of which such gas forms a component part, is within the police power of the state.

Appeal from court of special sessions of city of New York.

Max Lichtman was convicted of manufacturing soda water in a tenement house in violation of Pen. Code, § 389, as amended by Laws 1900, c. 494, and appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

David Steckler, for appellant.
Charles E. Le Barbier, for the People.

PATTERSON, J. This appellant was convicted in the court of special sessions of a misdemeanor, consisting of an alleged violation of chapter 494 of the Laws of 1900, which law is an amendment of section 389 of the Penal Code of the state of New York, relative to the manufacture of gunpowder and other explosives. The only question involved on this appeal is whether the act committed by the appellant was unlawful, within the proper construction of the section of the Code cited, as amended by the act of 1900. The case was tried upon a stipulation which embodied all the material facts,

and which recited that the defendant occupied, with his family, rooms at No. 61 Broome street, in the city of New York,—a tenement house in which several families lived,—and that in the basement of the house, while so occupied by families, he manufactured soda water on the 16th and 17th days of February, 1901, and that such soda water was manufactured by introducing carbonic acid gas in a tank containing water, at a pressure of from 175 to 200 pounds to the square inch, and agitating the water and carbonic gas in said tank while under said pressure for some 10 or 15 minutes; that the said carbonic acid gas under said pressure is compressed gas. The section of the Penal Code, as amended by the act of 1900, provides, among other things, that a person who manufactures gunpowder, dynamite, nitroglycerin, liquid or compressed air or gases (excepting acetylene gas and other gases used for illuminating purposes), naphtha, gasoline, benzine, or any other explosive compounds, or manufactures ammunition, fireworks, or other articles of which such substances are component parts, in a cellar, room, or apartment of a tenement or dwelling house, or any building occupied in whole or in part for living purposes, is guilty of a misdemeanor. Under the stipulation, it is evident that soda water manufactured by this defendant was an article a component part of which was compressed gas, and therefore the use of compressed gas in the manufacture of that article was within the prohibition of the statute, and constituted a misdemeanor. We think the true construction of the statute, as affecting the present case, is that it prohibits the use of compressed gas as a component part of an article manufactured upon such premises as those occupied by the defendant.

It is urged that the statute is unconstitutional, and that it falls within the condemnation of cases such as In re Jacobs, 98 N. Y. 96, 50 Am. Rep. 636; People v. Gillson, 109 N. Y. 389, 17 N. E. 343, 4 Am. St. Rep. 465; People v. Rosenberg, 138 N. Y. 410, 34 N. E. 285; People v. Marx, 99 N. Y. 377, 2 N. E. 29, 52 Am. Rep. 34; and others; but it is evident that the legislature, within its proper power, passed this statute as one affecting public safety, and hence prohibited in certain places the use in manufactures of substances dangerous to life and limb. The statute does not make it a criminal offense to manufacture soda water, but to use compressed gas, which is liable to explode, as a component part of an article manufactured in certain houses. The act comes within the police power of the state. It is not an effort, under the guise of a police regulation, to affect personal rights and private property, but "it tends, in a clear and specific way, to accomplish a purpose which the legislature has the right to accomplish," namely, to protect from injury the occupants of tenement or dwelling houses.

The conviction should be affirmed. All concur.